IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARA GAUDIO,<br><br>          Plaintiff,<br><br>v.<br><br><br><br>TENGASCO, INC., PETER E. SALAS,<br>MATTHEW K. BEHRENT, and<br>RICHARD THON,<br><br><br><br>          Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Lara Gaudio ("Plaintiff") by and through her undersigned attorneys, brings this action on behalf of herself, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Tengasco, Inc. ("Tengasco" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on the Company's website concerning the Company's public statements; and (d) review of other publicly available information concerning Tengasco and the Defendants.

## SUMMARY OF THE ACTION

1. This is an action brought by Plaintiff against Tengasco and the Company's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, in connection with the proposed merger of the Company with Riley Exploration – Permian, LLC ("REP") (the "Proposed Transaction").

2. On October 21, 2020, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with REP. Pursuant to the terms of the Merger Agreement each common unit of REP issued and outstanding will be converted into the right to receive 97.796467 shares of Tengasco common stock and any dividends or other distributions to which the holder of REP units becomes entitled to upon the surrender of such REP units in accordance with the Merger Agreement (the "Merger Consideration").

3. Upon completion of the Proposed Merger, former REP members will collectively own approximately 95% and former Tengasco stockholders will own approximately 5% of the outstanding shares of common stock of the post-merger Combined Company. The Combined Company will be renamed Riley Exploration Permian, Inc. and its stock will continue to trade on the New York Stock Exchange under the ticker symbol "REPX."

4. On December 31, 2020, in order to convince the Company's shareholders to vote in favor of the Proposed Transaction, the Board authorized the filing of a materially incomplete and misleading registration statement with the SEC on Form S-4/A (the "Registration Statement"), in violation of Sections 14(a) and 20(a) of the Exchange Act.

5. For these reasons, and as set forth in detail herein, Plaintiff asserts claims against Tengasco and the Board for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule

14a-9. Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Tengasco shareholders before the vote on the Proposed Transaction or, in the event the Proposed Transaction is consummated, recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act, 15 U.S.C § 78aa, and 28 U.S.C. § 1331, as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

7. This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Tengasco shares.

10. Defendant Tengasco is incorporated under the laws of Delaware and has its principal executive offices located at 8000 E. Maplewood Avenue, Suite 130, Greenwood

Village, Colorado 80111. The Company's common stock trades on the NYSE under the symbol "TGC."

11. Defendant Peter E. Salas ("Salas") is and has been the Chairman of the Board of Tengasco at all times during the relevant time period.

12. Defendant Matthew K. Behrent ("Behrent") is and has been a director of Tengasco at all times during the relevant time period.

13. Defendant Richard Thon ("Thon") is and has been a director of Tengasco at all times during the relevant time period.

14. Defendants Berenson, Craddock, Duganier, Edelman, Ladhani, Stover, Urban, Van Kleef, and Wyrsch are collectively referred to herein as the "Individual Defendants."

15. The Individual Defendants, along with Defendant Tengasco, are collectively referred to herein as "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

16. Tengasco is an independent oil and gas company that explores for, develops, and produces domestic oil and natural gas reserves. The Company's technologies include 3D seismic imaging utilizing microseismic interpretation for drilling new wells and fostering maximum long-term performance of appropriate wells using the latest polymer techniques to both increase oil production and total reserves, and to reduce costs as a result of decreased water pumped to surface in the production process. The Company's activities are focused in the State of Kansas

**The Company Announces the Proposed Transaction**

17. On October 21, 2020, the Company jointly issued a press release announcing the Proposed Transaction. The press release stated in part:

GREENWOOD VILLAGE, Colorado and OKLAHOMA CITY, Oklahoma, October 21, 2020—Tengasco Inc. (NYSE American: TGC) ("Tengasco") and Riley Exploration – Permian, LLC ("Riley") announced today that they have entered into a definitive merger agreement in an all-stock transaction. Under the terms of the merger agreement, Tengasco will issue approximately 203 million shares of Tengasco common stock to Riley members at the closing of the transaction. Following the closing of the transaction, the current members of Riley will own 95% of Tengasco and the current Tengasco stockholders will own the remaining 5%. In addition, Riley will become a wholly owned subsidiary of Tengasco. Riley is a private equity backed company focused on developing conventional oil and natural gas properties in the Northwest Shelf of the Permian Basin. Riley was formed with the goal of building a premier Permian Basin pure-play acquisition, exploration, and development company, focusing on oil-rich, geologically driven sweet spots within legacy oilfields that are conducive to newer drilling and completion techniques. Riley's acreage is primarily located on large contiguous blocks in Yoakum County, Texas and Lea, Roosevelt and Chaves Counties in New Mexico; and the offset legacy assets are located in the Permian Basin San Andres fields, which include the Wasson and Brahaney Fields. Riley's assets have a shallower decline profile than most unconventional reservoirs, which provides Riley with optionality in terms of capital deployment, development schedule, and management of organic growth. As a result, Riley has a strong balance sheet with a low debt to trailing twelve months Adjusted EBITDAX ratio of 1.4:1, has been able to grow production quarter over quarter, and has a record of paying cash dividends to common unitholders for the past 6 quarters totaling $25 million to date.

*   *   *

**Timing and Approvals**

The transaction is expected to close during the first quarter of 2021, and it is subject to customary closing conditions and regulatory approvals, including the approval of Tengasco stockholders and Riley members.

**Advisors**

ROTH Capital Partners acted as exclusive financial advisor to Tengasco, Inc. and Davis Graham & Stubbs LLP is serving as legal advisor to Tengasco. Truist Securities acted as exclusive financial advisor to Riley Exploration – Permian, and DiSanto Law and Thompson & Knight LLP are serving as legal advisors to Riley.

## FALSE AND MISLEADING STATEMENTS
## AND/OR MATERIAL OMISSIONS IN THE REGISTRATION STATEMENT

18. On December 31, 2020, the Company authorized the filing of the Registration Statement with the SEC. The Registration Statement recommends that the Company's shareholders vote in favor of the Proposed Transaction.

19. Defendants were obligated to carefully review the Registration Statement prior to its filing with the SEC and dissemination to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make informed decisions regarding whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

### Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding the Company's Financial Projections

20. The Registration Statement references projections prepared by the Company's and REP's management concerning the Proposed Transaction, however, the Registration Statement entirely omits any of these financial projections.

21. Disclosure of the above information is vital to provide investors with the complete mix of information necessary to make an informed decision when voting on the Proposed Transaction. Specifically, the above information would provide shareholders with a better understanding of the analyses performed by the Company's financial advisor in support of its opinion.

**Material False and Misleading Statements or Material
Misrepresentations or Omissions Regarding Roth's Financial Opinion**

22. The Registration Statement contains the financial analyses and opinion of Roth Capital Partners, LLC ("Roth") concerning the Proposed Transaction, but fails to provide material information concerning such.

23. With respect to Roth's *Comparable Company Analyses*, the Registration Statement fails to disclose the individual multiples and metrics for each of the companies observed by Roth for its analyses.

24. With respect to Roth's *Comparable Transaction Analysis*, the Registration Statement fails to disclose the individual multiples and metrics for the specific transactions observed by Roth for its analysis.

25. With respect to Roth's *Net Asset Value Analysis*, the Registration Statement fails to disclose: (i) the cash flows used in the analysis; (ii) undeveloped acreage value; (iii) net working capital; (iv) net current asset retirement obligations; (v) total debt outstanding; and (vi) the inputs and assumptions underlying Roth's use of the discount rates of 9%, 10%, and 15%.

26. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed. Moreover, the disclosure of projected financial information is material because it provides shareholders with a basis to project the future financial performance of a company and allows shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion.

27. Without the above described information, the Company's shareholders are unable to cast a fully informed vote on the Proposed Transactions. Accordingly, in order to provide

shareholders with a complete mix of information, the omitted information described above should be disclosed.

## COUNT I

### (Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder)

28. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

29. Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

30. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that communications with stockholders in a recommendation statement shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

31. Defendants have issued the Registration Statement with the intention of soliciting shareholders support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections for the Company.

32. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to shareholders although they could have done so without extraordinary effort.

33. The Defendants knew or were negligent in not knowing that the Registration Statement is materially misleading and omits material facts that are necessary to render it not misleading. The Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

34. The Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Registration Statement, rendering the sections of the Registration Statement identified above to be materially incomplete and misleading. Indeed, the Defendants were required to be particularly attentive to the procedures followed in preparing the Registration Statement and review it carefully before it was disseminated, to corroborate that there are no material misstatements or omissions.

35. The Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. The Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement

upon reviewing it, which they were required to do carefully as the Company's directors. Indeed, the Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation of the Company's financial projections.

36. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.

37. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**(Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act)**

38. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Tengasco within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Tengasco, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

40. Each of the Individual Defendants was provided with, or had unlimited access to, copies of the Registration Statement and other statements alleged by Plaintiff to be misleading

prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing this document.

42. In addition, as set forth in the Registration Statement sets forth at length and described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

43. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

45. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. Directing the Individual Defendants to disseminate an Amendment to the Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C. Directing Defendants to account to Plaintiff for all damages sustained because of the wrongs complained of herein;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 31, 2020

Respectfully submitted,

By: */s/ Joshua M. Lifshitz*
Joshua M. Lifshitz
Email: jml@jlclasslaw.com
**LIFSHITZ LAW FIRM, P.C.**
821 Franklin Avenue, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff*